UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14002-CR-ROSENBERG/LYNCH

21 U.S.C. § 952(a)
21 U.S.C. § 963
21 U.S.C. § 841(a)(1)
21 U.S.C. § 846

UNITED STATES OF AMERICA

vs.

JULIUS ANDREW REASON III
and
NATASHIA DENISE THAMES,

Defendants.
_____/

FILED BY CGA
Jan 28, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce, FL

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From on or about July 24, 2015, through on or about January 15, 2016, in Indian River County, in the Southern District of Florida, and elsewhere, the defendants,

JULIUS ANDREW REASON III
and
NATASHIA DENISE THAMES,

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United States Code,

Section 952(a); all in violation of Title 21, United States Code, Section 963.

The controlled substance involved in the conspiracy attributable to **JULIUS ANDREW REASON III and NATASHIA DENISE THAMES,** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a mixture and substance containing a detectable amount of dibutylone HCI, a positional isomer of pentylone, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 960(b)(3)and 802(14), and 21 C.F.R. Section 1308.11(h)(16).

### COUNT 2

From on or about July 24, 2015, through on or about January 15, 2016, in Indian River County, in the Southern District of Florida, and elsewhere, the defendants,

**JULIUS ANDREW REASON III
and
NATASHIA DENISE THAMES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to manufacture, and possess with intent to manufacture and distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

2

The controlled substance involved in the conspiracy attributable to **JULIUS ANDREW REASON III and NATASHIA DENISE THAMES,** as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a mixture and substance containing a detectable amount of dibutylone HCI, a positional isomer of pentylone, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 802(14), and 21 C.F.R. Section 1308.11(h)(16).

### Count 3

On or about January 15, 2016, in Indian River County, in the Southern District of Florida, and elsewhere, the defendants,

**JULIUS ANDREW REASON III**
**and**
**NATASHIA DENISE THAMES,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Sections 841(b)(1)(C) and 802(14) and 21 C.F.R. Section 1308.11(h)(16), it is further alleged that this violation involved a mixture and substance containing a detectable amount dibutylone HCI, a positional isomer of pentylone, a Schedule I controlled substance.

## **FORFEITURE**

Upon conviction of any of the violation alleged in Counts 1 through 3 of this indictment, the defendants **JULIUS ANDREW REASON III** and **NATASHIA DENISE THAMES**, shall forfeit to the United States any and all property constituting or derived from any proceeds which the defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or facilitate the commission of such violation.

Pursuant to Title 21, United States Code, Section 853.

If any of the forfeitable property described in the forfeiture section of this indictment, as a result of any act or omission of the defendants,

    (a)   cannot be located upon the exercise of due diligence;

    (b)   has been transferred or sold to, or deposited with, a third person;

    (c)   has been placed beyond the jurisdiction of the Court;

    (d)   has been substantially diminished in value; or

    (e)   has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

Pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

CARMEN M. LINEBERGER
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA               CASE NO. _____

v.

JULIUS ANDREW REASON III               **CERTIFICATE OF TRIAL ATTORNEY***
and
NATASHIA DENISE THAMES,

_____Defendants. /
                                       **Indictment Case Information:**

**Court Division**: (Select One)       New Defendant(s)      Yes ____  No ____
                                       Number of New Defendants ____
____ Miami      ____ Key West          Total number of counts     3
____ FTL        ____ WPB    _X_ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:  (Yes or No)  _NO_
    List language and/or dialect _____
4.  This case will take  _5 - 7_  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                          (Check only one)

    I    0 to  5 days     ____                Petty     ____
    II   6 to 10 days     _X_                 Minor     ____
    III  11 to 20 days    ____                Misdem.   ____
    IV   21 to 60 days    ____                Felony    _X_
    V    61 days and over ____

6.  Has this case been previously filed in this District Court? (Yes or No)  _NO_

If yes:
Judge: _____          Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?  (Yes or No) _YES_
If yes:
Magistrate Case No.                    16-003-FJL / 16-004-FJL / 16-005-FJL / 16-006-FJL
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of  01/19/2016
Defendant(s) in state custody as of _____
Rule 20 from the _____  District of _____

Is this a potential death penalty case? (Yes or No) ____
7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes  _X_ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes  _X_ No

                                       _____
                                       CARMEN M. LINEBERGER
                                       ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

## CASE NO.

Defendant's Name:   Julius Andrew Reason, III

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to Import a Controlled Substance- Dibutylone HCI | 21:952(a); 21:963 | Up to 30 years $2,000,000 fine SR:6 years to life $100 Special Assessment |
| 2 | Conspiracy to Manufacture, Possess with Intent to Manufacture and Distribute a Controlled Substance- Dibutylone HCI | 21:841(a)(1); 21:846 | Up to 30 years $2,000,000 fine SR: 6 years to life $100 Special Assessment |
| 3 | Possession with intent to distribute a controlled substance- Dibutylone HCI | 21:841(a)(1) | Up to 30 years $2,000,000 fine SR: 6 years to life $100 Special Assessment |
|  | Forfeiture |  |  |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.

Defendant's Name:  Natashia Denise Thames

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to Import a Controlled Substance- Dibutylone HCI | 21:952(a); 21:963 | Up to 20 years $1,000,000 fine SR: 3 years to life $100 Special Assessment |
| 2 | Conspiracy to Manufacture, Possess with Intent to Manufacture and Distribute a Controlled Substance- Dibutylone HCI | 21:841(a)(1); 21:846 | Up to 20 years $1,000,000 fine SR: 3 years to life $100 Special Assessment |
| 3 | Possession with intent to distribute a controlled substance- Dibutylone HCI | 21:841(a)(1) | Up to 20 years $1,000,000 fine SR: 3 years to life $100 Special Assessment |
|  | Forfeiture |  |  |